MR. JUSTICE MORRISON,
concurring in part and dissenting in part:
I concur and dissent as follows:
Although I agree that the trial court erred in permitting the testimony of Greyson Phipps, I disagree with the way *20 the majority has handled this issue. If I correctly understand the majority position it is that Phipps’ testimony was inadmissible because the declarant Tarver had been dismissed from the stand and was not present in the courtroom when Phipps testified. The majority quotes Rule 801(d)(1) M.R.Evid. which provides that a statement is not hearsay if the declarant testifies at the trial and the offered statement is inconsistent with his testimony. The purpose of this rule is to allow impeachment of any witness who testifies in the case.
I understand the majority correctly they would have permitted this hearsay statement to be used if Tarver was seated out in the courtroom. This is not the law. The offered hearsay statement must be inconsistent with, and therefore impeach, testimony previously offered by the declarant.
I would reach the same result as the majority for the reason that this statement did not impeach Tarver’s testimony. The closest testimony tending to be inconsistent with the offered hearsay is as follows:
“Q. Did Nolan say anything to you? A. I don’t know. Probably did. I might have said something to him back, but I don’t really remember it, because I was half in the car and half out.”
To impeach this testimony given by Scott Tarver, the State called Greyson Phipps as a rebuttal witness. The following testimony was objected to as hearsay:
“Q. Did he relate to you a conversation that he and the Defendant, Nolan Daniels, had just as he and Daniels were getting out of Daniels’ car. A. yes.
“Q. What did Tarver tell you the Defendant said as he was about to get out of the car? A. Well, in my officer’s report there that I wrote shortly afterwards, he stated that Mr. Daniels had said that had a score to settle and Mr. Tarver stated that he’d better be careful, the big Indian will whip your ass.”
The appropriate hearsay objection was made by defense *21 counsel and the court overruled the objection. Before the Phipps testimony could be admitted that testimony had to directly contradict testimony offered by Tarver. Tarver was not asked about the statement. He admitted having a conversation when he was getting out of the car. However, Tarver’s testimony is too general to allow this hearsay to be used for impeachment purposes.
It should also be noted that Phipps did not apparently have an independent recollection of what Tarver’s statement was as Phipps read the statement from his notes. No foundation was laid for “past recollection recorded.” Neither was foundation laid to show that the witness had an independent recollection of the statement after having his memory refreshed by reference to the notes. Although no objection was made on this ground the testimony was technically inadmissible as it was given by the witness.
The majority opinion, in discussing the instruction on justifiable use of force, uses language from which I wish to dissent. The majority opinion states:
“As to the affirmative defense of self defense Daniels had the burden of proof.”
This is not so. The opinion correctly goes on to say that Daniels had the burden to come forward with evidence sufficient to raise a reasonable doubt. This is a correct statement of the law. Daniels had no burden of proof.
The majority opinion states:
We held in Gratzer that the absence of justifiable use of force was not an element of the crime of deliberate homicide which the State had to prove.”
Gratzer did not involve justifiable use of force. The only issue in Gratzer was whether the court erred in failing to instruct with respect to the burden of proof in a mitigated deliberate homicide case. Gratzer did not raise self defense and therefore the appeal did not involve any issue with reference to “justifiable use of force.”
I agree with the majority opinion that the trial court in this case correctly instructed the jury that the defendant *22 had the burden of producing sufficient evidence on “justifiable use of force” so as to raise a reasonable doubt of his guilt. The corollary is that, once defendant had produced sufficient evidence to raise a reasonable doubt, the State had the burden of negating the defense beyond a reasonable doubt or the defendant is entitled to an acquittal.
In summary, I would reverse and remand for a new trial for the reason that the trial court erred in admitting hearsay evidence. In accordance with my dissent in Gratzer I would instruct the trial court that, on retrial, the defendant is entitled to an instruction that the burden of proof remains on the State to negate mitigation beyond a reasonable doubt. I would further require the trial court to give the same instruction with respect to the burden on the State to negate “justifiable use of force”. Whether we are talking about mitigating mental distress or justifiable use of force, the burden is on the defendant to come forward with sufficient evidence to raise a reasonable doubt. Thereafter, the State has the burden of excluding these propositions beyond a reasonable doubt.
MR. JUSTICE SHEA concurs.